J-S77032-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIO RAMOS, | : | |
| | : | |
| Appellant | : | No. 989 EDA 2014 |

Appeal from the Judgment of Sentence Entered July 12, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012280-2011

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED FEBRUARY 05, 2015**

Mario Ramos (Appellant) appeals from the judgment of sentence entered July 12, 2014, following his convictions for possessing an instrument of crime, simple assault, and recklessly endangering another person (REAP). We affirm.

The trial court set forth the relevant factual history of this case as follows.

> On October 8, 2011, at around 7:19 P.M. [Philadelphia City Police] Officer [Jerome] Cotton responded to the 2900 block of N. Howard St. in Philadelphia for a report of a man with a knife. Prior to police responding to the scene, [] Appellant, [] left his residence to purchase cigarettes. When he left his house, he heard the complaining witness, Angel Melendez yell in his direction that he was an undocumented illegal alien and "what are you doing here." At that point [Appellant] and Melendez begin to have a physical altercation.

---

*Retired Senior Judge assigned to the Superior Court.

> Upon arriving at [N. Howard Street], Officer Cotton observed [Appellant] with a large butcher knife, standing within arm's reach of Melendez with the blade of the knife pointed at him. After the officer exited his vehicle, drew his weapon and ordered [Appellant] to drop the knife, Ramos fled with the knife into 2915 N. Howard St. Officer Cotton arrested [Appellant] inside that property and recovered a ten to twelve inch butcher knife with a black handle. Neither [Appellant nor] Melendez appeared to be injured. Additionally, Officer Cotton did not observe Melendez with a knife or a weapon.

Trial Court Opinion, 5/16/2014, at 2 (citations omitted).

On May 14, 2012, following a bench trial, Appellant was found guilty of the aforementioned offenses. On July 12, 2012, Appellant was sentenced to three-and-a-half years of probation on the charge of possession of an instrument of a crime. Appellant received no further penalty on the remaining charges.

Appellant did not file a direct appeal. On July 2, 2013, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA)[1] seeking reinstatement of his post-sentence and appellate rights. The PCRA court granted Appellant's petition on March 10, 2014. On March 18, 2014, Appellant filed a notice of appeal. Appellant complied with the directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[1] 42 Pa.C.S. §§ 9541-9546.

On appeal, Appellant challenges the sufficiency of the evidence presented at trial to convict him of either REAP or simple assault. Appellant's Brief at 13-15.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Knox*, 50 A.3d 749, 754 (Pa. Super. 2012) (quoting *Commonwealth v. Brown*, 23 A.3d 544, 559–60 (Pa. Super. 2011) (*en banc*)).

With regard to REAP, the Crimes Code provides that "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. With regard to simple assault, the statute provides, in relevant part, that "[a] person is guilty of assault if he:

- 3 -

(3) attempts by physical menace to put another in fear of imminent serious bodily injury…." 18 Pa.C.S. § 2701(a)(3). "Serious bodily injury" is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant contends that Officer Cotton's testimony was insufficient to sustain his convictions because the officer merely observed Appellant standing a few feet from Melendez, with a knife raised above his own head. Appellant's Brief at 14-15. He emphasizes that Officer Cotton did not see him use the knife in any way, and that Melendez did not suffer injury, nor did he testify against Appellant. *Id.*

We begin by noting that the Commonwealth did not need to prove that Melendez was actually injured in order to sustain its burden with respect to either charge.

> We have held that a person is guilty of [REAP] when it is shown that the person (1) possessed "a *mens rea* recklessness," (2) committed a wrongful deed or guilty act ("*actus reus*"), and (3) created by such wrongful deed the danger of death or serious bodily injury to another person. The element of "*mens rea* recklessness" has been defined as "a conscious disregard of a known risk of death or great bodily harm to another person." … We have further held that Section 2705 "was directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have" had. Finally, the perpetrator must create an actual condition of danger, not merely an apprehension of danger.

- 4 -

*Commonwealth v. Emler*, 903 A.2d 1273, 1278 (Pa. Super. 2006) (citations and bolding omitted).

Moreover, "the elements which must be proven [in order to sustain a conviction for simple assault by physical menace] are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) (citations omitted).

Mindful of the above, and viewing the evidence in the light most favorable to the Commonwealth, we hold that the evidence presented here was sufficient to allow the factfinder to conclude that Appellant intended to place Melendez in fear of serious bodily injury by threatening him with a large knife. Moreover, we hold that the evidence was sufficient to prove that Appellant acted recklessly with a conscious disregard of a known risk of death or great bodily harm to Melendez. *See Commonwealth v. Little*, 572, 614 A.2d 1146, 1153 (Pa. Super. 1992) (reaffirming prior holdings of this Court that a person may indeed commit simple assault by physical menace without verbally threatening the victim or actually pointing a weapon or holding the weapon in a striking position).[2]

---

[2] Additionally, Appellant argues that the trial court erred in disregarding his claim of self-defense presented at trial. Appellant's Brief at 15. This claim

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/5/2015

---

presents a challenge to the weight of the evidence. **Commonwealth v. Rivera**, 983 A.2d 1211 (Pa. Super. 2009).  Because Appellant failed to raise this claim before the trial court, we find it waived.  Pa.R.Crim.P 607.